UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────

BMO HARRIS BANK N.A.,

                        Plaintiff,              No. 3:17-cv-01037 (BKS/DEP)

v.

MOBIUS BUSINESS SOLUTIONS, LLC, MOBIUS
ASSETS, LLC, MOBIUS LOGISTICS, INC., D&T
TRUCKING, INC., DAVID WICKWIRE, TRAVIS
WICKWIRE, DEREK SHERMAN,

                        Defendants.
───────────────────────────────────────────

**APPEARANCES:**

*For Plaintiff:*
Christopher A. Lynch
Chrystal Mauro
Reed Smith, LLP
599 Lexington Avenue, 22th Floor
New York, NY 10022

*For Defendants Mobius Business Solutions, LLC, Mobius
Assets, LLC, Mobius Logistics, Inc., D&T Trucking, Inc.,
David Wickwire and Derek Sherman:*
Edward Y. Crossmore
Crossmore Law Firm
115 West Green Street
Ithaca, NY 14850

**Hon. Brenda K. Sannes, United States District Judge:**

                        **MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

      Currently before the Court is Plaintiff BMO Harris Bank N.A.'s motion for default

judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure against Defendants

Mobius Business Solutions, LLC, Mobius Assets, LLC ("Mobius Assets"), Mobius Logistics,

Inc., D&T Trucking, Inc. ("D&T"), David Wickwire, and Derek Sherman.[1] (Dkt. No. 36). As explained below, the Court construes Defendants'[2] opposition to the motion for default judgment, (Dkt. No. 39), as a motion to vacate the Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(c). For the reasons below, Defendants' motion is denied; Plaintiff's motion is granted in part and denied in part.

## II. FACTS

On September 19, 2017, Plaintiff filed this lawsuit alleging breach of contract and breach of guaranty against Defendants for their failure to pay amounts due under certain loan agreements and guaranties, seeking relief in the form of replevin, an injunction, and monetary damages, as well as interest, costs, and attorneys' fees. (Dkt. No. 1, at 13–20). Despite each being validly served with the Complaint, (Dkt. Nos. 17–21, 23), Defendants have failed to answer the Complaint or otherwise file responsive pleadings. On November 16, 2017, the Clerk of Court issued an entry of default against Defendants, (Dkt. No. 35), and Plaintiff moved for default judgment on December 20, 2017, (Dkt. No. 36). Defendant David Wickwire, on behalf of the other defaulting Defendants, filed an "affidavit in opposition to Plaintiff's motion" on January 16, 2016. (Dkt. No. 39).

## III. STANDARD OF REVIEW

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestly v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, under Rule 55(a), the plaintiff must obtain a clerk's entry of default. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or

---

[1] This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00 and there is complete diversity of citizenship. (Dkt. No. 1).

[2] Plaintiff does not move for default judgment against Defendant Travis Wickwire, who filed an answer to the Complaint on October 20, 2017. (Dkt. No. 30). Accordingly, the Court's use of "Defendants" refers to all Defendants other than Travis Wickwire.

otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); *see also* Local Rule 55.1 (requiring a party seeking a clerk's entry of default to "submit an affidavit showing that (1) the party against whom it seeks a judgment . . . is not an infant, in the military, or an incompetent person (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action . . . and (3) it has properly served the pleading to which the opposing party has not responded."). Second, under Rule 55(b)(2), the plaintiff must "apply to the court for entry of a default judgment." *Priestly*, 647 F.3d at 505; *see also* Local Rule 55.2(b) ("A party shall accompany a motion to the Court for the entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)(2), with a clerk's certificate of entry of default . . . a proposed form of default judgment, and a copy of the pleading to which no response has been made.").

## IV. DISCUSSION

As noted above, Plaintiff obtained an entry of default under Rule 55(a) on November 16, 2017, (Dkt. No. 35), and applied to the Court for an entry of default judgment under Rule 55(b)(2) on December 20, 2017, (Dkt. No. 36). On January 1, 2018, Defendant David Wickwire filed an "affidavit in opposition to Plaintiff's motion" on behalf of himself and the other defaulting Defendants, requesting that the motion be denied in its entirety on the basis that Plaintiff's recent sale of collateral renders the amount of damages claimed more than that actually owed. (Dkt. No. 39).[3] While Defendants have not expressly moved to vacate the default entered against them, "the Second Circuit has held that 'opposition to a motion for a default judgment can be treated as a motion to set aside the entry of default despite the absence of a formal Rule 55(c) motion.'" *Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F.

---

[3] The Court notes that Defendants' response fails to comply with Local Rule 7.1(a), which states that all responses in "opposition to motions require a memorandum of law." L.R. 7.1(a).

3

Supp. 2d 333, 336 (S.D.N.Y. 2013) (quoting *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)). Despite Defendants' failure to characterize their submission as such, the Court considers the opposition to Plaintiff's motion as a motion to vacate the entry of default under Rule 55(c).

### A. Opposition to the Motion for a Default Judgment

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Although the Rule does not define "good cause," "[i]n practice, courts apply the same set of factors" in deciding motions under both Rule 55(c) and Rule 60(b), which are "applied more rigorously in the case of default judgments" and more leniently in addressing entries of default. *RLS Assocs., LLC. v. United Bank of Kuwait PLC.*, No. 01-cv-1290, 2002 WL 122927, at *3, 2012 U.S. Dist. LEXIS 1371, at *7–8 (S.D.N.Y. Jan. 29, 2002). Those factors are: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (citations omitted). "Other relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Id.*

Although these criteria must be applied keeping the Second Circuit's "strong preference for resolving disputes on the merits" in mind, *Brien v. Kullman Indus., Inc.*, 71 F.3d 1073, 1077 (2d Cir. 1995), courts also "have an interest in expediting litigation, [and] abuses of process may be prevented by enforcing those defaults that arise from egregious or deliberate conduct." *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1998). Accordingly, an "absence of prejudice to the nondefaulting party would not in itself entitle the defaulting party to relief," leaving the court with "discretion to deny the motion to vacate [a default judgment] if it is

4

persuaded that the default was willful and is unpersuaded that the defaulting party has a meritorious defense." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998) (also citing *Marziliano v. Heckler*, 728 F.2d 151, 157 (2d Cir. 1984), for the proposition that the same principles apply with respect to a motion to vacate an entry of default under Rule 55(c)).

The Court addresses each of the *Enron* factors in turn below.

### 1. Willfulness

The Second Circuit has interpreted "willfulness" in the context of a default as "conduct that is more than merely negligent or careless." *McNulty*, 137 F.3d at 738. "On the other hand, the court may find a default to have been willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." *Id.* "In order to establish a finding of willfulness, there is no requirement that the party acted in bad faith, but rather 'it is sufficient that the defendant defaulted deliberately.'" *Murray Eng'g, P.C. v. Windermere Props. LLC*, No. 12-cv-0052, 2013 WL 1809637, at *4, 2013 U.S. Dist. LEXIS 61877, at *12 (S.D.N.Y. Apr. 30, 2013) (quoting *Gucci Am., Inc. v. Gold Ctr. Jewelry*, 158 F.3d 631, 635 (2d Cir.1998)); *see also Simmons v. Sea Gate Ass'n*, No. 12-cv-4949, 2013 WL 5774594, at *5, 2013 U.S. Dist. LEXIS 153014, at *8–9 (E.D.N.Y. Oct. 24, 2013) (explaining that, before a finding of willfulness, "a court must be persuaded that the party made a strategic decision and deliberately chose not to appear" (internal quotation marks omitted)). Defendants have not provided any explanation for their default, and their only substantive filings to date are affidavits challenging the amount of monetary damages Plaintiff seeks. (Dkt. Nos. 39, 43, 47). With no explanation or evidence to the contrary before it, the Court can only conclude that Defendants made the deliberate decision to default. Accordingly, this factor weighs heavily against vacating the entry of default.

### 2. Prejudice to Plaintiff

Plaintiff indicates that, since this action was commenced, Defendants have returned all of the vehicles named as collateral under the loan agreements, (Dkt. No. 32), that it has sold several of those vehicles, and that it will "credit the proceeds of any future sale of the Collateral" to the amount of the judgment it receives in the instant action, (Dkt. No. 40, ¶ 12–13). Setting aside the entry of default will further delay the proceedings, but "delay standing alone does not establish prejudice." *Enron*, 10 F.3d at 98. "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud or collusion." *New York v. Green*, 420 F.3d 99, 110 (2d Cir. 2005). The Second Circuit, however, has stated that "[a]n absence of prejudice to the nondefaulting party would not in itself entitle the defaulting party to relief from the judgment." *McNulty*, 137 F.3d at 738; *see also Marziliano*, 728 F.2d at 157 (upholding district court's denial of Rule 55(c) motion without expressly finding that denial would result in prejudice to the plaintiff, due to defendant's failure to show a meritorious defense and the "unimpeachable conclusion that the default was willful"). In any event, this factor militates in favor of granting Defendants' motion.

### 3. Meritorious Defenses

Finally, while "[a] defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense," *Enron Oil Corp.*, 10 F.3d at 98, such a defendant "need not conclusively establish the validity of the defense(s) asserted," *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). The defendant "must, nonetheless, articulate a defense with a degree of specificity which directly relates that defense to the allegations set forth in the plaintiff's pleadings and raises a 'serious question' as to the validity of those allegations." *DeCurtis v. Upward Bound Intern.*, Inc., No. 09-cv-5378, 2012 WL 4561127, at *8, 2012 U.S. Dist. LEXIS 143295, at *22 (S.D.N.Y. Sept. 27, 2012) (quoting *Salomon v. 1498 Third Realty*

6

*Corp.*, 148 F.R.D. 127, 130 (S.D.N.Y. 1993)). Defendants do not assert defenses to Plaintiff's claims of breach of contract and guaranty, but argue instead that the amount Plaintiff claims "is in excess of what is actually owed on the equipment loans" because they should be credited the proceeds generated by Plaintiff's ongoing sale of collateral. (Dkt. No. 39, ¶ 11). Defendants in fact contend that they "are not attempting to evade their responsibilities under the loan documents" because "[t]hey stand ready and willing to pay any deficiency." (*Id.* ¶ 14).

"[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp.*, 10 F.3d at 96. No such doubt exists here. Defendants' default was deliberate and Defendants have not articulated any defenses to Plaintiff's allegations. Defendants' objections go to the amount of damages claimed, rather than to liability. Defendants' motion to vacate the entry of default is therefore denied, and the Court now turns to Plaintiff's motion for default judgment under Rule 55(b)(2).

### B. Liability

By failing to answer the complaint, Defendants are deemed to have admitted the factual allegations in the Amended Complaint. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability."); *Rolex Watch, U.S.A., Inc. v. Pharel*, No. 09-cv-4810, 2011 WL 1131401, at *2, 2011 U.S. Dist. LEXIS 32249, at *5–6 (E.D.N.Y. Mar. 11, 2011) ("In considering a motion for default judgment, the court will treat the well-pleaded factual allegations of the complaint as true, and the court will then analyze those facts for their sufficiency to state a claim."). But before entering default judgment, the Court must review the allegations to determine whether Plaintiffs have stated a valid claim for relief. *Finkel v.*

*Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *Telequip Corp. v. Change Exch.*, No. 01-cv-1748, 2004 WL 1739545, at *1, 2004 U.S. Dist. LEXIS 14892, at *3 (N.D.N.Y. Aug. 3, 2004).

### 1. Breach of Contract

To state a claim for breach of contract under New York law, plaintiff must allege: "(1) formation of a contract between the plaintiff and defendant, (2) performance by the plaintiff, (3) failure by the defendant to perform, and (4) resulting damages." *Clarke v. Max Advisors*, 235 F. Supp. 2d 130, 141 (N.D.N.Y. 2002) (citing *Furia v. Furia*, 116 A.D.2d 694, 695 (2d Dep't 1986)); *see also Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996). Here, Plaintiff has pleaded facts sufficient to establish all four elements of its breach of contract claims against D&T and Mobius Assets. The Complaint alleges that, between September 2012 and September 2015, Plaintiff's predecessors in interest[4] entered into two Loan and Security Agreements with D&T and three Loan and Security Agreements with Mobius Assets, (Dkt. No. 1 ¶¶ 15–17, 19–21), the terms of which were altered by subsequent Modification Agreements signed in March 2017, (*id.* ¶¶ 27, 29 (together, the "Loan Documents")). The Complaint further alleges that "Plaintiff has performed all terms and conditions" as required by the agreements, (*id.* ¶¶ 72, 86), while D&T and Mobius Assets have "not performed under the . . . Loan Documents on [their] part by, among other reasons, failing to make payments under the . . . Loan Documents when those payments became due," (*id.* ¶¶ 73, 87). Finally, the Complaint alleges that, as a result of D&T and Mobius Assets' failure to make payments as required under the Loan Documents,

---

[4] The Complaint and documents attached thereto indicate that General Electric Capital Corporation ("GECC") and General Electric Capital Commercial ("GE Capital") were the original lenders and signatories to the Loan and Security Agreements underlying the instant dispute. (Dkt. No. 1 ¶¶ 15–16, 19–21). The Complaint alleges that GECC assigned the Mobius Assets loans to Plaintiff on October 1, 2015, (*id.* ¶ 24), while simultaneously assigning the D&T loans to an entity known as Transportation Truck and Trailer Solutions, LLC ("TTTS") on the same date, (*id.* ¶ 25), and that GE Capital U.S. Holdings, Inc.—successor in interest to both GECC and TTTS—assigned the D&T and Mobius to Plaintiff on December 1, 2015. (Dkt. No. 26). The Complaint does not address assignment of the loan made by GE Capital to Mobius Assets. While the documents attached to the Complaint paint a somewhat more complex picture of the assignments, (*See* Dkt. No. 1-4, at 1–8), they nevertheless indicate that all five loans at issue here were assigned to Plaintiff by the time it commenced this action on September 19, 2017.

Plaintiff "has incurred and continues to incur substantial damages," (*id.* ¶¶ 74, 88), totaling $1,083,525.83 in unpaid amounts due as of September 13, 2017, (*id.* ¶¶ 45, 47). Accordingly, taking the factual allegations in the Complaint as true, Plaintiff has adequately stated its claims for breach of contract against D&T and Mobius Assets.

### 2. Breach of Guaranty

To state a claim for breach of guaranty under New York law, a plaintiff must "establish[] prima facie the existence of the guaranty executed by defendant, the underlying debt, and defendant's failure to perform under the guaranty." *Sarfati v. Palazzolo*, 142 A.D.3d 877, 877 (1st Dep't 2016). "[W]here a guaranty is clear and unambiguous on its face and, by its language, absolute and unconditional, the signer is conclusively bound by its terms absent a showing of fraud, duress or other wrongful act in its inducement." *Citibank, N.A. v. Uri Schwartz & Sons Diamonds Ltd.*, 97 A.D.3d 444, 446 (1st Dep't 2012) (quoting *Nat'l Westminster Bank USA v. Sardi's Inc.*, 174 A.D.2d 470, 471 (1st Dep't 1991)). Here, Plaintiff alleges that Defendants entered into the following three guaranty agreements in favor of Plaintiff or Plaintiff's predecessor-in-interest lenders: (i) Defendants D&T, Mobius BS, Mobius Logistics, and David Wickwire guaranteed the Mobius Assets loans on July 22, 2015, (Dkt. No. 1, ¶ 22); (ii) Defendants Mobius Assets, Mobius BS, and David Wickwire guaranteed the D&T loans on September 18, 2015, (Dkt. No. 1, ¶ 18); and (iii) Defendant Derek Sherman guaranteed both the D&T and Mobius Assets loans on March 10, 2017, (Dkt. No. 1, ¶¶ 28, 30).[5] Plaintiff alleges that, under the agreements, Defendants "absolutely and unconditionally guarant[eed] all current and future obligations" of D&T and Mobius Assets. (*Id.*). And, as described above, Plaintiff has established both the existence of the underlying debt as well as Defendant's continuing failure to

---

[5] Accordingly, the Complaint refers to (i) Defendants D&T, Mobius BS, Mobius Logistics, David Wickwire, and Derek Sherman as the "Mobius Guarantors," and (ii) Defendants Mobius Assets, Mobius BS, David Wickwire, and Derek Sherman as the "D&T Guarantors." (Dkt. No. 1, ¶¶ 28, 30).

9

pay the amounts owed. Accordingly, taking the facts alleged in the Complaint as true, Plaintiff has adequately stated its claims for breach of guaranty against both the D&T and Mobius Assets Guarantors.

### C.     Damages[6]

"[I]t is well established that '[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (quoting *Greyhound Exhibitgroup*, 973 F.2d at 158). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Id.* (citing Fed. R. Civ. P. 55(b)(2)). A hearing is not necessary where record contains detailed affidavits and documentary evidence that enables the Court to evaluate the proposed sum and determine an award of damages. *See Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) ("Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is 'necessary and proper' to hold an inquest on damages."); Fed. R. Civ. P. 55(b)(2) ("The court may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.").

As noted above, the Complaint alleges that the sum due under the D&T and Mobius Assets loans amounts to $1,083,525.83 as of September 13, 2017. (Dkt. No. 1, at ¶¶ 45, 47). In

---

[6] The Court notes that Plaintiff seeks only an award of monetary damages. (Dkt. No. 36). Although the Complaint asserts a claim for replevin and requests injunctive relief, (Dkt. No. 1, ¶¶ 99–123), Plaintiff previously moved for that same relief in preliminary form, (Dkt. No. 5) and the Court denied that request as moot, (Dkt. No. 33), after Plaintiff filed a status letter indicating that all of the collateral at issue in this case had either been returned to Plaintiff or to an auctioneer at Plaintiff's request, (Dkt. No. 32).

10

support of its request for damages, Plaintiff has submitted: (i) an affidavit from Plaintiff's attorney Chrystal Mauro, (Dkt. No. 36-1); and (ii) "loan damage" calculations for each of the five loans outstanding, (Dkt. Nos. 36-2, 36-3). While Defendants do not dispute the validity of the debt at issue, they assert that Plaintiff has since sold collateral at auction, which reduces the amounts owed under the loan agreements and guaranties. (Dkt. No. 39). The Court notes that, in its motion for default judgment, Plaintiff requests a reduced damages amount, totaling $1,068,267.69 as of December 20, 2017. (Dkt. No. 36-1, ¶¶ 22–23). In its subsequent filings, Plaintiff seeks amounts even further reduced from those stated in the Complaint; apparently, following recovery and sale of five vehicles that served as collateral for one of the loans to Mobius Assets, "the current balance on the Obligations under the Loan Documents, is $944,767.69" as of February 1, 2018, "exclusive of attorney's fees and interest."[7] (Dkt. No. 40, ¶ 14). Plaintiff further acknowledges that it is making "on-going efforts to dispose" of additional collateral, (Dkt. No. 45), and Defendants assert that additional collateral has, in fact, been sold, (Dkt. Nos. 43, 44, 47). Accordingly, the Court finds it necessary to hold an evidentiary hearing to ascertain with reasonable certainty the appropriate amount of damages to be awarded.

At the hearing, Plaintiff bears the burden of proving the amount of damages it has asserted, while Defendants, notwithstanding their default, have "a right to proffer evidence rebutting each damage claim." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 160 (2d Cir. 1992); *see also Cement & Concrete Workers Dist. Council Welfare Fund*, 699 F.3d at 234 ("Upon entry of a default, a plaintiff's claims for damages generally must be established in an evidentiary proceeding at which the defendant is afforded the opportunity to

---

[7] It appears that one of the defaulting Defendants—Mobius Logistics—entered into a guaranty agreement for the Mobius Assets loans only. (Dkt. No. 1, ¶¶ 28, 30). As a result, Plaintiff requests an award of money damages from Mobius Logistics totaling $537,403.69—a lesser amount than that owed by the Defendants who guaranteed both the D&T and Mobius Assets loans. (*See* Dkt. No. 40, at 4).

11

contest the amount claimed."); 10 Moore's Federal Practice–Civil § 55.32[1][c] (2018) ("The claimant must establish the amount of damages, and the defaulting party is entitled to be heard on the matter.").

### D. Non-Defaulting Defendant

Despite the need for an evidentiary hearing to determine the proper amount of damages against the defaulting Defendants, "in such a case where some but not all defendants have defaulted, the courts have consistently held that it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments." *Montcalm Pub. Corp. v. Ryan*, 807 F. Supp. 975, 978 (S.D.N.Y. 1992) (internal quotation marks omitted).

Here, all Defendants—except Defendant Travis Wickwire—have defaulted. (Dkt. No. 30). Plaintiff alleges that Defendant Travis Wickwire, as a guarantor of the D&T loans, is liable for $529,046.04, together with Defendants Mobius BS, Mobius Assets, Derek Sherman, and David Wickwire. (*See* Dkt. No. 1, ¶¶ 17, 28, 39, 46; Dkt. No. 1-6, at 2. *But see* Dkt. No. 1-10, at 8 (Aug. 15, 2017 letter indicating that Travis Wickwire was a guarantor of all loans to both D&T and Mobius Assets)).[8] With respect to any damages that may be assessed in connection with the D&T loans, the "better practice is for the district court to stay its determination of damages against the defaulters until plaintiff's claim against the nondefaulters is resolved." *Long Island Hous. Servs. v. Greenview Properties, Inc.*, No. 07-cv-0352, 2008 WL 150222, at *1, 2007 U.S. Dist. LEXIS 95976, at *2 (E.D.N.Y. Dec. 3, 2007), *report and recommendation adopted*, 2009 WL 960200, 2008 U.S. Dist. LEXIS 5704 (E.D.N.Y. Jan. 11, 2008). Because the parties,

---

[8] It is Plaintiff's contention that it is entitled to judgment against "each of the [defaulting] Defendants jointly and severally." (Dkt. No. 45, at 1).

12

however, have not had an opportunity to address whether the proceedings should be stayed with respect to the defaulting Defendants or whether a settlement conference may be of assistance in resolving this matter, the Court will schedule a telephone conference to address these issues.

## V. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendants' motion to vacate the Clerk's entry of judgment (Dkt. No. 39) is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for default judgment (Dkt. No. 36) is **GRANTED in part and DENIED in part**; and it is further

**ORDERED** that Plaintiff's request for default judgment is **GRANTED** as to:

liability of D&T on Plaintiff's claim for breach of contract (First Cause of Action);

liability of Mobius Assets on Plaintiff's claim for breach of contract (Third Cause of Action); and

liability of Mobius BS, Mobius Assets, David Wickwire and Derek Sherman on Plaintiff's claim for breach of guaranty (Second Cause of Action); and

liability of D&T, Mobius BS, Mobius Logistics, David Wickwire and Derek Sherman on Plaintiff's claim for breach of guaranty (Fourth Cause of Action); and it is further

**ORDERED** that Plaintiff's request for default judgment with respect to damages is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: August 14, 2018
Syracuse, New York

Brenda K. Sannes
U.S. District Judge